307 S.E.2d 465

**In re Ester Sue THAXTON, Louis Frederick Thaxton and Eugene Scott Thaxton.**

**No. 15756.**

Supreme Court of Appeals of West Virginia.

July 5, 1983.

Douglass & Douglass and Ernest M. Douglass, Parkersburg, for appellant, Nancy Thaxton, mother.

James M. Bradley, Jr., Parkersburg, for Ester Sue Thaxton, et al.

Elizabeth A. Pyles, Asst. Pros. Atty., Parkersburg, for State.

PER CURIAM:

The appellant, Nancy Thaxton, appeals from a final order of the Circuit Court of Wood County which permanently terminated her parental rights to her three children. Thaxton is the mother of Ester Sue Thaxton, 14; Louis Thaxton, 12; and Eugene Scott Thaxton, 10. The children's father was not identified during the trial and is not a party in this case.

The case began February 9, 1981, when Christine Cooke, a social worker for the Department of Welfare, filed a verified petition alleging that Ester Sue, Louis and Eugene were neglected children. W.Va. Code § 49-6-3 (1980 Repl.Vol.).

In Cooke's petition, the Department of Welfare asked that it be given permanent custody of the children with the right to consent to their adoption.

The court conducted an adjudicatory hearing March 12, 1981, on the petition's allegations. The state presented testimony by various school officials, including the children's teachers, and Cooke regarding the children's absences and lateness at school. They also testified about the inadequate care given the children by their mother which resulted in them arriving at school sleepy, with rumpled and/or dirty clothing.

Thaxton and a neighborhood youth testified for the appellant. Thaxton admitted the children had been absent and/or late at school, but gave various reasons why that had occurred. The boy testified that he had not bruised Ester Sue's throat by kissing her as the State had charged.

The court ruled that the children were neglected, continued the custody in the Department of Welfare, and set the case for

dispositional hearing.[1] The court concluded that Thaxton had failed to ensure that her children attended school and arrived on time properly clothed and rested. Additionally, the court found that Thaxton had failed to ensure that Louis wore his glasses to school.

At a hearing April 2, 1981, appellant's counsel submitted a motion for an improvement period. The motion outlined specific actions which the appellant would have to take concerning the well-being of her children. The trial court deferred ruling on the motion pending a psychological examination of the children.

Prior to the dispositional hearing, the children underwent psychological testing. Thaxton also met with a psychologist who evaluated her children, but did not undergo extensive evaluation herself.

The appellant entered into an informal agreement October 20, 1981, with the Department of Welfare which outlined efforts she needed to make in order to regain custody of her children. The plan required Thaxton to obtain suitable housing for her family and to attend parenting classes at a local counseling center. Additionally, Thaxton was to meet with Cooke twice a month in order to visit her children.

The lower court conducted a dispositional hearing December 2, 1981, and March 25, 1982. The evidence showed that Thaxton was mildly retarded and her children suffered from learning disabilities. Expert psychological testimony indicated that Thaxton could not adequately care and supervise her children. Two psychologists recommended that contact between mother and children be retained, but that day-to-day custody remain with the Department of Welfare.

Cooke testified that Thaxton had made some attempt to secure housing, but was still living with her parents at the time of the hearing. Additionally, she had failed to attend the parenting classes and had stopped the twice-monthly meetings with her children in early December, 1981.

Cooke testified that she had not detected any improvement in Thaxton's ability to care for her children.

In response, the mother testified that she had missed her visits with the social worker, and presumably the parenting classes, because she had been caring for a sick aunt. She also testified that she had been sick in December, 1981, and January, 1982.

The lower court ordered that permanent custody be given to the Department of Welfare and terminated Thaxton's parental rights. The court found that "there is no reasonable likelihood that the conditions of neglect ... can be substantially corrected in the future ..." The court noted that Thaxton had "failed to respond and follow through with reasonable rehabilitative efforts designed to reduce and prevent the neglect of [her] children." In its ruling, the court noted the psychologists' recommendation that some contact remain between children and mother, but observed that it did not see how permanent custody with the right of adoption could be given to the Department of Welfare subject to continued contact between mother and children.

The appellant's primary argument is that the lower court erred by severing Thaxton's parental rights since a less drastic alternative remedy was available. The appellant, however, does not specify what this alternative is. Rather, Thaxton argues that she be permitted to retain contact with her children even if permanent custody is awarded to the Department of Welfare.

W.Va.Code § 49–6–5(a)(6) authorizes termination of parental rights when "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected ...." W.Va.Code § 49–6–5(b) specifies the circumstances which justify parental termination.

However, W.Va. Code § 49–6–2(b) permits a parent to move the court for an

---

1. The appellant's petition for appeal of the neglect ruling was denied by this Court. The sole issue in this appeal is whether the trial court imposed the appropriate remedy after the finding of neglect.

improvement period of three to twelve months. "The court shall allow such an improvement period unless it finds compelling circumstances to justify a denial thereof, but may require temporary custody in the state department or another agency during the improvement period." *Id.*

 "Where a court having jurisdiction of child neglect or abuse proceedings denies a motion by a parent or guardian for an improvement plan under W.Va. Code § 49–6–2(b), the court must state on the record the compelling circumstances warranting the denial of such motion." Syllabus Point 3, *State v. Scritchfield,* 167 W.Va. 683, 280 S.E.2d 315 (1981).

Upon the record before us, we do not find that the trial court ever ruled on the appellant's motion for an improvement period. Therefore, since the trial court did not rule, it could not have stated its reasons for denying such a motion. The appellant was entitled to the granting of her motion absent a finding of compelling circumstances. Since the trial court did not set forth any such reasons on the record, we conclude that the appellant is entitled to an improvement period.

The record indicates that the appellant and the Department of Welfare entered into an informal plan to improve the appellant's child-rearing ability. The record is silent, however, as to whether this agreement was an improvement plan submitted pursuant to W.Va.Code § 49–6–2(b) or that the trial court approved the agreement as a formal improvement plan.

Therefore, we reverse the judgment of the lower court and direct that a formal improvement plan be drawn up by the appellant and the Department of Welfare subject to the lower court's approval. Custody of the children is to remain with the parties designated by the Department of Welfare during the improvement plan.

Reversed and remanded.

NEELY and McHUGH, JJ., dissent for the reason that they believe that the trial court properly terminated the parental rights and ordered that permanent custody of the children be given to the Department of Welfare.