# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: D.K. & E.S.**

**No. 14-0588** (Mercer County 12-JA-147 & 12-JA-462)

**FILED**

November 24, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother, by counsel John E. Williams Jr., appeals the order of the Circuit Court of Mercer County, entered on June 4, 2014, terminating her parental rights to three-year-old D.K., and eight-year-old E.S. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Allison K. Huson, filed a response on behalf of the children that also supports the circuit court's order. On appeal, petitioner alleges that the circuit court erred in denying an extension to her dispositional improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On May 2, 2012, the DHHR filed an abuse and neglect petition against petitioner alleging that she had allowed then six-year-old E.S. to be truant multiple times for the 2011-2012 school year. On September 11, 2012, the DHHR amended the petition and alleged a history of domestic violence between petitioner and C.K., one of the children's fathers, and substandard living conditions for the children including no running water or sewage service in the house. The amended petition also made D.K. subject to the proceedings. On September 28, 2012, the DHHR again amended the petition alleging, inter alia, a domestic violence incident for which the children were present and in which petitioner and C.K. were "fighting in the street" and petitioner threatened to hurt herself or to commit suicide. C.K. locked petitioner out of the house, where she spent the night.

On November 05, 2012, the circuit court held an adjudicatory hearing on the amended petition. The attendance director for the Mercer County Board of Education testified that E.S. missed twenty-five days of school without a valid excuse and missed twenty days of school with a valid excuse for the 2011-2012 school year. The Child Protective Services ("CPS") caseworker testified that she witnessed petitioner with two black eyes on or about May 10, 2012. Petitioner initially stated that she received the injuries in a physical altercation with another female, but petitioner later admitted she received them from C.K. The circuit court admitted, without objection, records from the collateral domestic violence proceeding between petitioner and C.K. A service provider with Second Chances, contracted by the DHHR to provide services to petitioner, testified that petitioner admitted the incident wherein she and C.K. fought in front of

1

the children, which resulted in petitioner threatening to cut herself or to commit suicide. Further, the service provider testified that "[t]here was [sic] dog feces all over the porch, all over the walkway up to the house. There was trash outside the home, dirty dishes in the sink that had been there from where they did not have any water in the home." The service provider also testified that, at the time of her visit, the house was without sewage service. The circuit court found that E.S. and D.K. were neglected children due to truancy and the domestic violence present in the house. The circuit court granted petitioner a six-month, post-adjudicatory improvement period.

From the November 5, 2012, adjudicatory hearing until approximately May of 2014, the circuit court granted petitioner and C.K. two separate improvement periods and two separate extensions of each. Petitioner received services from the DHHR for at least eighteen months in an effort to improve her parenting and to correct the circumstances that led to the filing of the petitions. During that time, the circuit court held five review hearings, and petitioner either admitted to controlled substance abuse at each hearing or was reported to test positive for controlled substances prior to each.

On February 10, 2014, the circuit court held a review hearing at which the DHHR reported that petitioner, who was once again pregnant, tested positive for marijuana in January of 2014. The DHHR and guardian initially recommended the court set the matter for disposition. Petitioner argued that the DHHR still wanted to work with her, and the DHHR did not object to three more months of services. The circuit court permitted petitioner a three-month extension, but in so doing, the circuit court cautioned petitioner that this was her final chance to demonstrate improvement. The circuit court also gave leave to the DHHR and the guardian to file a motion for termination at a dispositional hearing, if petitioner failed to comply with all services.

On or about May 7, 2014, the DHHR filed for termination of petitioner's parental, custodial, and guardianship rights. On May 16, 2014, the circuit court held the dispositional hearing. The CPS worker testified that petitioner and the children had a good relationship and bond, but that petitioner missed half of her scheduled visits with the children and several appointments with service providers. Plus, she had several positive drug screens since the February 10 hearing. The DHHR called two service providers from Second Chances, one of whom testified that petitioner could not provide food for the children during her visits on several occasions. By order entered on June 4, 2014, the circuit court terminated petitioner's parental, custodial, and guardianship rights to both children. The circuit court determined that petitioner was in no condition to care for children at that time, there was no reasonable likelihood that petitioner could substantially correct the conditions that led to the neglect in the near future, and permanency through termination was in the children's best interest. This appeal followed.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a

reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner claims the circuit court erred in terminating her parental, custodial, and guardianship rights to D.K. and E.S. because it should have granted her an extension of her dispositional improvement period. Petitioner argues that her constitutional liberty interest in the custody of her children required the circuit court to grant her more time to demonstrate parental improvement. Further, petitioner avers that the circuit court failed to place "compelling circumstances" on the record when it denied her requested extension, as required by *In Re Willis*, 157 W.Va. 225, 207 S.E.2d 129 (1973); *State v. Scritchfield*, 167 W.Va. 683, 280 S.E.2d 315 (1981); and *In Re Thaxton*, 172 W.Va. 429, 307 S.E.2d 465 (1983). We disagree. Petitioner relies upon case law decided under a previous version of West Virginia Code § 49-6-2(b). In 1996, the West Virginia Legislature revised Section 49 of West Virginia Code to remove the "compelling circumstances" requirement for improvement periods located in West Virginia Code § 49-6-2(b) and replaced it with West Virginia Code § 49-6-12, which detailed the requirements and timeframes for improvement periods in abuse and neglect proceedings. We noted the change in *State ex rel. Virginia M. v. Virgil Eugene S. II*, 197 W.Va. 456, n. 9, 475 S.E.2d 548, n. 9 (1996) as follows:

West Virginia Code § 49-6-12 (1996), recently enacted by the West Virginia Legislature, now requires a parent seeking an improvement period in cases of neglect or abuse to file a written motion requesting it, and to demonstrate by clear and convincing evidence that he or she is likely to fully participate in the improvement period. Thus rather than presuming the entitlement of a parent to an improvement period, as under [prior law], the law now places on the parent the burden of proof regarding whether an improvement period is appropriate.

Moreover, petitioner's argument does not comply with the facts of this case. Petitioner assigns error to the circuit court's denial of an *extension* of her dispositional improvement period.[1] The circuit court in this case granted petitioner two improvements periods and two

---

[1]West Virginia Code § 49-6-12(g) provides that the circuit court may grant an extension of an improvement period:

when the court finds that the respondent has substantially complied with the terms of the improvement period; that the continuation of the improvement period will not substantially impair the ability of the department to permanently place the . . .

3

separate extensions, including an extension of her dispositional improvement period. Therefore, the circuit court did not deny petitioner an extension of her dispositional improvement period, as alleged. To the extent petitioner's argument could be read to assert error in the circuit court's denial of an additional extension, we find no error in this regard. Petitioner had ample opportunity to substantially correct the conditions of abuse and neglect at issue herein, but throughout these lengthy proceedings, petitioner continued to use controlled substances, which included testing positive for marijuana in January of 2014 while pregnant with another child, repeatedly missed appointments with service providers, and repeatedly missed visits with her children. In fact, petitioner admitted to drug use or provided positive drug screens on at least five occasions. As such, the circuit court did not err in denying petitioner more time for parental improvement. We note that "courts are not required to exhaust every speculative possibility of parental improvement before terminating parental rights where it appears that the welfare of the child will be seriously threatened. . . ." Syl. Pt. 4, in part, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011) (quoting Syl. Pt. 1, *In re R.J.M.*, 164 W.Va. 496, 266 S.E. 114 (1980)).

Furthermore, it is clear that the circuit court had sufficient evidence upon which to find that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that termination of her parental, custodial, and guardianship rights was necessary for the children's welfare, pursuant to West Virginia Code § 49–6–5(b)(3). Circuit courts are directed to terminate parental, custodial, and guardianship rights upon such findings, pursuant to West Virginia Code § 49–6–5(a)(6). The Court finds no error in the circuit court's termination of petitioner's parental, custodial, and guardianship rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its order terminating petitioner's rights is hereby affirmed.

Affirmed.

**ISSUED**: November 24, 2014

**CONCURRED IN BY**:

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

child; and that such extension is otherwise consistent with the best interest of the child.

4