# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: M.L. & B.L.**

**No. 14-0501** (Jackson County 13-JA-51 & 13-JA-52)

**FILED**

January 12, 2015
**RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Father, *pro se*, appeals the Circuit Court of Jackson County's May 1, 2014, order terminating his parental rights to M.L. and B.L. The Department of Health and Human Resources ("DHHR"), by counsel, Michael L. Jackson, filed a response in support of the circuit court's order as to the first assignment of error.[1] The guardians ad litem, Anita H. Ashley and Erica B. Gunn, filed a joint response on behalf of the children supporting the circuit court's order. Petitioner filed a reply. Petitioner presents several assignments of error on appeal. We will address each seriatim.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On September 6, 2013, the DHHR filed an abuse and neglect petition against petitioner and S.L., who is petitioner's wife and the biological mother of the children. The petition alleged that the couple had a history of severe domestic violence, which included a report from 2012 that petitioner burned her with a hot frying pan and a hot iron, and according to the petition, this domestic violence occurred in the presence of M.L., which caused that child to become "extremely upset and start to cry," constituting emotional harm to the child.[2] On September 16, 2013, the DHHR filed an amended petition alleging the following: (a) domestic violence; (b) violence and threats of violence against the children's maternal grandparents; and (c) medical concerns for the children. According to the amended petition, in June of 2012, petitioner's wife exhibited severe injuries allegedly caused by petitioner, which included disfigured hands and feet and severe burns to her back and chest. For approximately one year, the maternal grandparents had guardianship of M.L. However, in August of 2013, due to alleged acts of violence and

---

[1]The DHHR's response brief fails to address the remaining assignments of error. Pursuant to Rule 10(d) of the Rules of Appellate Procedure, we assume the DHHR agrees with petitioner on his remaining assignments of error. However, we are not obligated to accept a party's confession of error. Syllabus point 8, *State v. Julius*, 185 W.Va. 422, 408 S.E.2d 1 (1991) ("This Court is not obligated to accept the State's confession of error in a criminal case. We will do so when, after a proper analysis, we believe error occurred.").

[2]At this time, B.L. was not yet born.

1

threats of violence by petitioner, the maternal grandparents moved for and were granted relinquishment of that guardianship. Upon relinquishment of guardianship and following B.L.'s birth, the DHHR received temporary custody of both children, pending further proceedings. The amended petition also alleged that when the DHHR took B.L. from petitioner and his wife, the Child Protective Services ("CPS") worker and medical personnel noticed that she had a severe diaper rash and yeast infection.

At the first preliminary hearing on September 13, 2013, petitioner moved the circuit court to relieve his court-appointed counsel and stated his intention to hire private counsel to represent him. The circuit court granted the motion, and the hearing was continued. On September 25, 2013, petitioner appeared with hired counsel for the continued preliminary hearing, and, following the presentation of several hours of evidence, the circuit court again continued the preliminary hearing for the purpose of taking additional evidence. On October 7, 2013, petitioner moved to relieve his hired counsel and move forward *pro se*. The circuit court granted the motion, and petitioner continued *pro se* until late 2013 when petitioner was again appointed counsel. In January of 2014, at a motions hearing in this matter, petitioner again moved to relieve his court-appointed counsel and requested new appointed counsel. The circuit court denied the motion to relieve his court-appointed counsel at that time.

Thereafter, petitioner stipulated to domestic violence causing harm to M.L., and the children were adjudicated as abused. At the March 26, 2014, dispositional hearing, the circuit court took judicial notice of testimony from the preliminary and motions hearings. The CPS worker testified that petitioner only "recently" demonstrated a willingness to participate in and comply with services to correct the conditions of abuse. The CPS worker's testimony also established that petitioner had a history of noncompliance with the DHHR. Dr. Timothy Saar testified that petitioner had the intellectual ability to comply with rules imposed by the DHHR, but that he had shown a "defensive" posture toward the proceedings and the DHHR. Petitioner testified that he had been going to therapy and a domestic violence class, but he admitted that he had only two visits with his children and chose not to visit them from September of 2013 until February of 2014 because he did not want to interact with the DHHR. The circuit court continued the dispositional hearing to secure the testimony of Dr. Bobby Miller to present evidence of his evaluation of petitioner's wife. On March 28, 2014, Dr. Miller testified as to that evaluation, and the circuit court took the matter of petitioner's disposition under advisement. The circuit court denied petitioner's motion for a post-adjudicatory improvement period and terminated petitioner's parental rights. This appeal followed.

This Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to de novo review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been

committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

In his first assignment of error, petitioner argues that the circuit court erred in terminating his parental rights without being granted an improvement period. Upon review of the record, we find no error in this regard. Petitioner claims that, between approximately January of 2014 and present, he has undergone therapy and other services, on his own initiative, to correct the domestic violence concerns at issue herein. He also maintains that he demonstrated to the circuit court that he would fully comply with the terms of an improvement period, which was recommended by the DHHR. In a separate assignment of error, petitioner claims the circuit court erred and abused its discretion in finding that petitioner was not likely to fully comply with the terms of an improvement period "based upon [petitioner and his wife's] frequent filing of motions relating to the care of their children, their Libertarian political beliefs, their religion[,] and their firm assertion of their rights under the law." We address these assignments of error together.

As petitioner correctly notes, circuit courts have discretion in the consideration of motions for post-adjudicatory and dispositional improvement periods. W.Va. Code § 49-6-12(b) (providing circuit courts discretion in granting post-adjudicatory improvement periods upon finding that parent is likely to fully participate in same); W.Va. Code § 49-6-12(c) (providing circuit courts discretion in granting dispositional improvement periods upon written motion and showing, by clear and convincing evidence, that parent is likely to fully participate in same). We have long held that "[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations." *Michael D.C. v. Wanda L.C.*, 201 W.Va. 381, 388, 497 S.E.2d 531, 538 (1997); "in the context of abuse and neglect proceedings, the circuit court is the entity charged with weighing the credibility of witnesses and rendering findings of fact." *In re: Emily*, 208 W.Va. 325, 339, 540 S.E.2d 542, 556 (2000) (citing Syl. Pt. 1, in part, *In re: Travis W.*, 206 W.Va. 478, 525 S.E.2d 669 (1999)). As to petitioner's credibility, the circuit court did not err in finding that petitioner was not genuine in his statement that he would comply with the terms of an improvement period. At the October 23, 2013, preliminary hearing, petitioner testified that he did not commit domestic violence towards his wife, and Dr. Saar testified that petitioner made no admissions of domestic violence while in therapy at his office. However, in February of 2014, petitioner admitted to domestic violence against his wife. At the October 23, 2013, preliminary hearing, petitioner also testified that while he was on bond in a criminal matter, he violated a condition of that bond prohibiting contact with his wife. Further, despite petitioner's claims of cooperation with the DHHR in the development of a family case plan and his willingness to fully participate in services, petitioner does not dispute that he chose not to visit his children from September of 2013, until approximately February of 2014, so as to avoid contact with the DHHR. Dr. Saar categorized petitioner as "defensive" and "guarded." He also noted that petitioner had not been "the most cooperative

3

individual[]" and that there had been "much hostility between certain [DHHR] providers and [petitioner]." Due to these concerns regarding petitioner's noncompliance with the DHHR and others and a credibility determination as to his genuine concern for parental improvement, we cannot find that the circuit court did not abuse its discretion in refusing to grant petitioner an improvement period.

Petitioner also claims that the circuit court was required to make a finding of "compelling circumstances" to warrant termination of his parental rights without an improvement period, as provided in *In the Interest of Darla B.*, 175 W.Va. 137, 331 S.E.2d 868 (1985). *See also In Re Willis*, 157 W.Va. 225, 207 S.E.2d 129 (1973); *State v. Scritchfield*, 167 W.Va. 683, 280 S.E.2d 315 (1981); *In Re Thaxton*, 172 W.Va. 429, 307 S.E.2d 465 (1983). We disagree. In support of this argument, petitioner relies upon case law decided under a previous version of West Virginia Code § 49-6-2(b). In 1996, the West Virginia Legislature revised Section 49 of the West Virginia Code to remove the "compelling circumstances" requirement for improvement periods set forth in West Virginia Code § 49-6-2(b) and replaced it with West Virginia Code § 49-6-12, which details the requirements and timeframes for improvement periods in abuse and neglect proceedings. We noted this change in *State ex rel. Virginia M. v. Virgil Eugene S. II*, 197 W.Va. 456, n. 9, 475 S.E.2d 548, n. 9 (1996) as follows:

> West Virginia Code § 49-6-12 (1996), recently enacted by the West Virginia Legislature, now requires a parent seeking an improvement period in cases of neglect or abuse to file a written motion requesting it, and to demonstrate by clear and convincing evidence that he or she is likely to fully participate in the improvement period. Thus rather than presuming the entitlement of a parent to an improvement period, as under [prior law], the law now places on the parent the burden of proof regarding whether an improvement period is appropriate.

Therefore, the circuit court did not err in failing to make a "compelling circumstances" finding on the record.

Next, petitioner argues that the circuit court erred in terminating his parental rights based upon the finding that he was not reasonably likely to substantially correct the conditions of abuse or neglect and "issues upon which he was not adjudicated or afforded an opportunity to defend himself." Petitioner, however, does not explain the "issues" to which he refers, and we find no such errors apparent from the record. *See* W. Va. R. App. Pro. 10(c)(7). We also find no error in the circuit court's finding that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse or neglect in the near future. As noted above, petitioner demonstrated a pattern of noncompliance with the DHHR. The circuit court did not abuse its discretion when it found in its dispositional order that it could not ignore petitioner's "record[] of dishonesty with this Court, Magistrate Court . . . , mental health professionals, doctors, DHHR . . . [and his] record[] of disregard of rules and orders." Petitioner had shown an unwillingness to cooperate with the DHHR, which was demonstrated, in part, in his failure to visit his children for several months during these proceedings for the sole purpose of avoiding the DHHR. Pursuant to West Virginia Code § 49-6-5(b)(2) and 49-6-5-(b)(3), the circuit court did not err in finding that there is no reasonable likelihood that petitioner could substantially correct the conditions of abuse or neglect in the near future. Upon review of the record, petitioner

4

demonstrated an unwillingness to cooperate in the development of, and a failure to follow through with, a reasonable family case plan or other rehabilitative efforts. The circuit court found that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future, and that termination was necessary for the child's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon such findings.

Petitioner's third assignment of error is that the circuit court erred in its consideration of expert evidence.[3] Petitioner claims that the circuit court "disregard[ed] expert testimony and deem[ed] the Petitioner[] mentally unfit[.]" In support of his argument, petitioner cites to portions of Dr. Saar's testimony and reports that cast petitioner in a positive light. However, petitioner ignores the fact that Dr. Saar also testified as to petitioner's defensiveness, guarded behavior, and hostility towards to the DHHR. It is clear from the circuit court's dispositional order that it considered and weighed Dr. Saar's and Dr. Miller's testimony in ruling on this matter. We find no support in the record on appeal for petitioner's claims that the circuit court disregarded this evidence or made findings against the weight of the expert testimony and reports without evidentiary support.

Petitioner's fourth assignment of error concerns the circuit court's finding that petitioner's wife was "severely abused." Petitioner claims that the applicable definition of "domestic violence" does not indicate levels of violence. Petitioner fails to indicate how the circuit court's use of this phrase in its dispositional order constitutes reversible error. Furthermore, petitioner admitted to domestic violence in the household that satisfied the legal definition thereof. As to the level of severity of that domestic violence, we note that there was evidence before the circuit court that petitioner's wife had severe injuries to her feet and burns to her chest and back because petitioner struck her with heavy machinery, a hot frying pan and a hot iron. The circuit court did not err in categorizing the abuse as "severe." Thus, we find no error in this regard.

Petitioner's fifth assignment of error concerns the circuit court's consideration at the dispositional hearing of prior testimony in this matter as well as "other cases." While the circuit court appears to have granted the DHHR's motion to incorporate petitioner's own prior testimony from this case, the record does not support petitioner's argument that evidence other than his own prior testimony from this case or from "other cases" was considered at the dispositional hearing. Further, petitioner cites to no portion of the record where he or his counsel objected to the circuit court's consideration of his prior testimony. We have often stated that "[g]enerally the failure to object constitutes a waiver of the right to raise the matter on appeal."

---

[3]Petitioner argues that the circuit court "disregarded, misinterpreted, and misquoted" expert testimony and made findings in direct contradiction to expert recommendations. However, petitioner cites no portion of the record where the circuit court misinterprets or misquotes Dr. Saar or Dr. Miller. Instead, petitioner's specific arguments on this issue address only the circuit court's findings as to his wife, which have no bearing on petitioner's appeal here, and that the circuit court disregarded Dr. Saar's testimony and reports. Therefore, we address only the issue of whether the circuit court disregarded expert testimony and reports in its dispositional order and made findings against the weight of these witnesses and reports without evidentiary support. *See* W. Va. R. App. Pro. 10(c)(7).

*State v. Asbury*, 187 W.Va. 87, 91, 415 S.E.2d 891, 895 (1992). Therefore, petitioner waived this issue for consideration in this appeal.

Petitioner next claims that the circuit court erred and abused its discretion in denying petitioner due process, representation of counsel, and other statutory and rule-based "rights under law." Petitioner argues that the circuit court prevented him from testifying and examining witnesses; accused petitioner of impropriety; refused to permit petitioner his right to counsel; and ended hearings "in ways that disadvantaged Petitioner and advantaged opposing parties." We find no error in this regard. Petitioner received full due process of law in the resolution of this matter. The circuit court held prompt hearings in compliance with West Virginia Code §§ 49-6-1 through 49-6-12, including three preliminary hearings, two adjudicatory hearings, several motions hearings, and two dispositional hearings. Several of the hearings included several hours of testimony. Petitioner testified on multiple occasions after being advised of his rights by the circuit court, and the circuit court permitted him great freedom in his examination and cross-examination of witnesses. As to his representation by counsel, petitioner was appointed an attorney for the September 13, 2013, preliminary hearing, and the circuit court granted petitioner's motion to continue that proceeding, relieve his court-appointed counsel, and retain the counsel of his choosing. The circuit court later permitted petitioner's retained counsel to withdraw at petitioner's request, and the circuit court ultimately appointed petitioner yet another counsel. The record does not support petitioner's claims that he was denied due process of law or any other statutory or rule-based rights.

Finally, petitioner claims the circuit court made prejudicial remarks to him in this matter and permitted other parties to do the same. Based upon our review of the record, we find no error. Petitioner cites to portions of the record where the circuit court necessarily discussed his wife's poor hygiene, which was an issue raised by the DHHR in relation to petitioner's wife's visitation with the children. We find that the circuit court's remarks on this issue were not prejudicial, and even if, arguendo, such remarks were prejudicial, they were relevant to the proceedings and had no bearing on petitioner's case currently before us. Further, we find no instances in the record where the circuit court permitted the parties to make prejudicial remarks against petitioner outside the scope of our adversarial system of justice and evidentiary discretion. We have said, "'A trial court's evidentiary rulings, as well as its application of the Rules of Evidence, are subject to review under an abuse of discretion standard.' Syllabus point 4, *State v. Rodoussakis*, 204 W.Va. 58, 511 S.E.2d 469 (1998)." Syl. Pt. 11, *State v. White*, 228 W.Va. 530, 722 S.E.2d 566 (2011). We find no abuse of discretion in this regard.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:**  January 12, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II