331 S.E.2d 868

**In the Interest of DARLA B., An Infant Under the Age of 18 Years.**

**No. 16669.**

Supreme Court of Appeals of West Virginia.

Submitted April 24, 1985.

Decided June 12, 1985.

S. Douglas Adkins, Williamson, for Mr. and Mrs. Brewer.

Pamela Lynn Dalton, Williamson, for Darla Brewer.

Robert G. Clarke, Asst. Atty. Gen., Charleston, for Dept. of Human Services.

Jane Moran, Williamson, for intervenor Custodial Caretakers.

McHUGH, Justice:

In this action, the appellants, Dwayne and Tuesday B., appeal from the final order of the Circuit Court of Mingo County, West Virginia, which held that the appellants' daughter, Darla B., was an abused child, and terminated the parental rights of the appellants. The infant was committed to the permanent guardianship of the West Virginia Department of Human Services. This Court has before it the petition for appeal, all matters of record and the briefs and argument of counsel. Counsel for the respondent and the intervenor, who represented the infant's present custodial caretaker and filed a brief in her behalf, appeared for argument, while counsel for appellants did not.

The appellants, Dwayne and Tuesday B., are the natural parents of Darla B. The infant child, while approximately five weeks old, was hospitalized, suffering from a skull fracture, a brain contusion, fractures of the leg, arm and collarbone, and swellings over the infant's mouth and eye. Medical testing showed that these injuries took place within 48 hours of hospitalization. Additional evidence of a separate, partially healed brain contusion was discovered, which was determined to have been inflicted approximately one week before Darla's other injuries.

As a result of a petition filed by the Department of Human Services, the circuit court entered an order finding Darla B. an abused child, terminating the parental rights of Tuesday and Dwayne B. This finding was based upon medical evidence that injuries of the type suffered by Darla

could not have occurred in the fashion in which the appellants testified. Furthermore, the circuit court found that there was no reasonable likelihood that the conditions of abuse could be substantially corrected in the near future.

The issue before this Court thus concerns whether the court below correctly terminated the parental rights of the appellants, and correctly denied the application of the appellants for an improvement period.

The appellants assert several errors in the decision below. First, they suggest the circuit court erred in failing to grant them an improvement period as provided by statute. The appellants suggest that the rights of the infant's parents were not given adequate deference, and that at least one improvement period should be granted before termination.

The appellant parents also maintain that it was error for the trial court to deny the improvement period, inasmuch as statutory language requires granting a less restrictive alternative remedy where such a remedy is present. The appellants suggest that termination of parental rights was not the only remedy, but was the most severe. They assert that the court was required to grant the improvement period, since it would be less restrictive than termination of parental rights.

For reasons stated below, we hold that the action of the circuit court was proper.

West Virginia statutes and case law stress the protection of the parent and child relationship. This Court, in *In Re Willis*, 157 W.Va. 225, at 237, 207 S.E.2d

129, at 136 (1973), stated that "no rule is more firmly established than that the right of a natural parent to the custody of his or her infant child is paramount to that of any other person." [citations omitted]. However, the discussion was followed with the following limiting language:

Nevertheless, this Court, early in the history of this State, recognized that the right of the natural parent to the custody of his child is not absolute; it is limited and qualified by the fitness of the parent to honor the trust of the guardianship and custody of the child.

157 W.Va. at 237, 238, 207 S.E.2d at 137.

█ In the case now before us, the injuries inflicted upon the child were of such magnitude that termination of the parental rights as a result of abuse was the only reasonable conclusion that the trial judge could reach. The testimony of the parents conflicts with all of the medical evidence as to the manner in which the life-threatening injuries occurred.[1]

As indicated above, the appellants contend that the trial court erred in denying an improvement period. *W.Va.Code*, 49–6–2(b) [1980] provides for the granting of an improvement period, during which the parents may attempt to rectify the conditions upon which the determination of abuse or neglect was based. However, the statute sets forth an occasion when an improvement period may not be granted.

(b) ... [T]he parents or custodians may, prior to final hearing, move to be allowed an improvement period of three to twelve months in order to remedy the circumstances or alleged circumstances upon which the proceeding is based. The

---

1. Tuesday B. testified that Darla was accidentally injured during an episode in which Tuesday believed her daughter had stopped breathing. Mrs. B. claimed that after a fit of crying, Darla was placed in a crib and became suddenly silent. Mrs. B. leaned over the crib, determined that Darla was not breathing, grasped Darla's body under Darla's arms and shook her.

Then, according to Mrs. B., she turned Darla onto her stomach and struck her sharply on the back several times. The medical evidence suggested that this action might explain the fractured collarbone, but could not result in the injuries Darla suffered to the skull, arm and leg. Notably, appellant Dwayne B., although not

present at the time of the injury, supports his wife's explanation.

Furthermore, both appellants testified that the earlier injury suffered by the infant resulted from Darla being accidentally struck on the left side of her skull upon a gun rack while being carried by her mother. Both appellants claimed to be in attendance at the time of this injury, and were certain that the described accident involved the left side of Darla's skull. However, the medical evidence revealed that the injury could not have occurred in this manner, since the injury was to the right portion of her skull, rather than the left.

court shall allow such an improvement period *unless* it finds *compelling circumstances* to justify a denial thereof.... (emphasis added)

The court below found that "compelling circumstances" existed which would merit the denial of the improvement period and described the circumstances as follows:

This is the most serious, substantial aggravated abuse on the most helpless kind of person that I have ever heard and I find those to be compelling circumstances. The very life of this child is in jeopardy and there exists substantial and real and immediate danger to the physical well being of the child and, in fact, there is a threat to the life of this child.

[Transcript of Mingo County Circuit Court hearing of November 29 and 30, 1983, page 68.]

In a recent case, *In Re R.J.M.*, 164 W.Va. 496, 500–501, 266 S.E.2d 114, 117 (1980), the Court stated that an improvement period should be denied based on "compelling circumstances" where parents "routinely flogged their child to within an inch of her life."

The abuse in the case now before us is similar to that discussed in *In Re R.J.M.* in that Darla B., during the initial five weeks of her existence with her parents, was abused on two separate occasions and both times gravely injured. The trial court properly found "compelling circumstances" to deny an improvement period.

Secondly, the appellants argue that by refusing to grant an improvement period the court did not utilize the least restrictive available remedy, as is required by *W.Va. Code*, 49–6–5 [1977].[2] That statute specifies that, "[t]he court shall give precedence to dispositions in the following sequence ...," thereafter listing remedies which range from dismissing the abuse petition, to terminating parental rights.

■ The trial court did not err in deciding that there was no less restrictive alternative than termination of parental rights which alternative would protect the infant's well-being. Termination of parental rights is the *only* appropriate remedy in this case. *W.Va.Code*, 49–6–5(a)(6) [1977], states, in part:

(6) Upon a finding that there is no *reasonable* likelihood that the conditions or neglect or abuse can be substantially corrected in the *near future*, and when necessary for the welfare of the child, terminate the parental or custodial rights and responsibilities and commit the child to the permanent guardianship of the state department or a licensed child welfare agency. (emphasis added).

Importantly, this section defines the phrase, "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected" to include any instance where the parent or parents have repeatedly or seriously physically abused the child. Upon such a finding, *W.Va. Code*, 49–6–5 [1977], requires termination of parental rights.[3]

2. *W.Va.Code*, 49–6–5, was amended subsequent to the filing of the petition seeking termination of the parental rights. The amendment, however, is not relevant to the circumstances of this action.

3. The appellants cite another trial court error which merits little discussion. They assert that the initial abuse petition filed in the circuit court in this case was defective, according to *W.Va.Code*, 49–6–1(a) [1977]. This statute states, in part: "The petition shall allege specific conduct including time and place, how such conduct comes within the statutory definition of neglect or abuse with references thereto, any supportive services provided by the state department to remedy the alleged circumstances and the relief sought."

The petition involving Darla B. contained an error which made reference to the allegations of

specific conduct in Section 4c of the petition rather than Section 4a, the appropriate reference. Nevertheless, the petition filed with the court gave clear warning to the appellants that (1) Darla B. was a suspected victim of abuse, (2) that she was in her parents' custody at the time of the injury, (3) that the explanation given by the parents was not credible, and (4) that the Department of Human Services was seeking temporary custody of Darla, which might later result in the termination of parental rights.

This Court discussed the sufficiency of neglect petitions in *State ex rel. Moore v. Munchmeyer*, 156 W.Va. 820, 823–24, 197 S.E.2d 648, 651 (1973), stating that:

Each petition must be evaluated individually. If the allegations of fact in a child neglect petition are sufficiently specific to inform the custodian of the infants of the basis upon

We believe termination of parental rights to be the mandated conclusion in this case, in light of the life-threatening conditions Darla B. suffered. We note that the age of Darla B., at the time she sustained the injuries in question was 38 days. The age of children in circumstances similar to those of Darla B. was taken into account by this Court in *In Re. R.J.M.*, *supra*, where in syllabus point 1 we held:

> As a general rule the least restrictive alternative regarding parental rights to custody of a child under *W. Va. Code*, 49–6–5 [1977] will be employed; however, courts are not required to exhaust every speculative possibility of parental improvement before terminating parental rights where it appears that the welfare of the child will be seriously threatened, and this is particularly applicable to children under the age of three years who are more susceptible to illness, need consistent close interaction with fully committed adults, and are likely to have their emotional and physical development retarded by numerous placements.

The decision of a circuit court terminating the rights of parents to their child pursuant to *W. Va. Code*, 49–6–5 [1977], will not be reversed by this Court for failure to grant the parents an improvement period, where the evidence supports a finding that the child, 38 days old, suffered from life-threatening injuries in the form of broken bones and bruises, which could not have occurred in the manner testified to by the parents, and the circuit court found "compelling circumstances" for the termination of parental rights.

Further, we note that the granting of an improvement period, pursuant to *W. Va. Code*, 49–6–2(b) [1980] and *W. Va. Code*, 49–6–5(c) [1977], unless otherwise provided by the laws of this State, is not an alternative disposition where a finding is made pursuant to *W. Va. Code*, 49–6–5(a)(6) [1977] that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future," and, pursuant to *W. Va. Code*,

which the petition is brought, and thus afford a reasonable opportunity to prepare a rebuttal, the child neglect petition is legally sufficient.

49–6–2(b) [1980], "compelling circumstances" justify a denial thereof.

The father asserts that he should not have his rights terminated because he was not a direct participant in the acts giving rise to the petition. However, in light of the circumstances of this case, termination of the rights of both parents is the proper result. We note that appellant Dwayne B. supports the testimony of his wife entirely, even though the explanation is inconsistent with the medical evidence. Further, he testified that he was in attendance when the first injury to Darla B. occurred, which involved the child's right frontal lobe. Importantly, the explanation given for this injury by both appellants is inconsistent with the medical evidence. Aside from his direct support of his wife's version of the reasons for the infant's injuries, it is ludicrous for him to assert that he should be held blameless for his nonaction in protecting his child.

Upon all of the above, the final order of the Circuit Court of Mingo County is affirmed.

Affirmed.

The appellants in the case before us were not hindered or prejudiced in any manner in the preparation of their case.