**STATE OF WEST VIRGINIA**

**In Re: B.C., D.C., & B.C.**

**FILED**

June 15, 2015

**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**No. 14-1173** (Braxton County 14-JA-13, 14-JA-14, & 14-JA-15)

# MEMORANDUM DECISION

Petitioner Mother P.C., by counsel Kevin Hughart and Christen M. Justice, appeals the Circuit Court of Braxton County's October 14, 2014, order terminating her parental rights to B.C.-1, D.C., and B.C.-2.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Michael W. Asbury Jr., filed a response on behalf of the children supporting the circuit court's order. Petitioner filed a reply and a supplemental appendix. On appeal, petitioner alleges that the circuit court erred in (1) denying her motion for a post-adjudicatory improvement period; (2) failing to dismiss the abuse and neglect petition; (3) failing to immediately appoint her counsel in the proceedings; and (4) terminating her parental rights to the children.[2]

---

[1]Because two children share the same initials, the Court will refer to the children as B.C.-1 and B.C.-2 throughout the memorandum decision. Further, we note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

[2]Petitioner alleges an additional seventeen assignments of error in her petition for appeal. However, in her argument in support of these additional assignments of error, petitioner does not cite to a single case, statute, rule, or other authority to support her arguments. Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires that

> [t]he brief must contain an argument exhibiting clearly the points of fact and *law presented*, the standard of review applicable, and *citing the authorities relied on* . . . [and] must contain appropriate and specific citations to the record on appeal[.] The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

(emphasis added). Additionally, in an Administrative Order entered December 10, 2012, *Re: Filings That Do Not Comply With the Rules of Appellate Procedure*, then-Chief Justice Menis E. Ketchum specifically noted in paragraph two that "[b]riefs that lack citation of authority [or] fail to structure an argument applying applicable law" are not in compliance with this Court's . . .

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2014, the DHHR filed an abuse and neglect petition following an investigation initiated by nine-year-old D.C.'s report to a teacher that petitioner grabbed him by the neck and hit his head into a doorknob earlier that day. Petitioner is the adoptive mother of B.C.-1 and D.C. and is the legal guardian of B.C.-2 pursuant to an apparent voluntary transfer of custody by B.C.-2's father, who is an adult adoptive son of petitioner. During D.C.'s disclosure, he was crying and upset and showed the teacher a knot on the back of his head that he said petitioner caused. D.C. also gave the teacher a piece of the doorknob that dislodged during the incident. When questioned, both B.C.-1 and D.C. disclosed other acts of abuse by petitioner, which included striking D.C. with belts, slapping B.C.-1 with the back of her hand and pulling B.C.-1's hair, and forcing D.C. to shower with his clothes on in scalding hot water. According to the children, petitioner created a general atmosphere of fear in the home. The children also disclosed acts of domestic violence by petitioner toward another adult in the home, J.C., some of which culminated in petitioner striking walls with a baseball bat. The DHHR thereafter arranged for the two oldest children, B.C.-1 and D.C., to be interviewed at the Child Advocacy Center.

In June of 2014, the circuit court held a preliminary hearing. Petitioner appeared without counsel and requested a continuance in order to have counsel appointed or retained. The circuit court granted this motion and rescheduled the preliminary hearing for June 12, 2014. At that time, petitioner appeared for the preliminary hearing with her court-appointed attorney. That same month, the DHHR filed an amended petition which included additional allegations that petitioner used excessive and inappropriate forms of discipline on the children, which included using a baseball bat to intimidate the children and placing D.C. in a tub of cold water until he regurgitated cookies he ate without permission. The amended petition further alleged that petitioner hit the children with a spatula and a remote control, and exhibited anger control issues by pulling down shelves and breaking things in the children's room while they were present. In addition, the petition alleged that petitioner violated the circuit court's initial custody order by removing B.C.-2 from his foster home and, as a result, was charged criminally with felony child concealment and multiple misdemeanors.[3]

---

. . . rules. Further, "[b]riefs with arguments that do not contain a citation to legal authority to support the argument presented and do not 'contain appropriate and specific citations to the . . . record on appeal . . .' as required by rule 10(c)(7)" are not in compliance with this Court's rules. Here, petitioner's brief is inadequate as it fails to comply with the administrative order and the West Virginia Rules of Appellate Procedure. Thus, we decline to address petitioner's assignments of error as they were not properly developed on appeal.

[3]In her petition for appeal, petitioner asserts that she is an attorney licensed to practice in the State of West Virginia and a former prosecuting attorney in the State. In light of this fact, . . .

The circuit court held an adjudicatory hearing in July of 2014, during which petitioner stipulated to certain allegations, including backhanding B.C.-1 and aggressively pulling B.C.-1's hair to the point the child had to pry herself away from petitioner. Petitioner also stipulated to using inappropriate discipline and demonstrating anger management issues by pulling down shelves and breaking things in the children's room. Petitioner then moved for a post-adjudicatory improvement period. Before ruling on petitioner's motion, the circuit court ordered her to undergo a psychological evaluation prior to the dispositional hearing. The evaluation was to be performed by psychologist Barbara Nelson with the supervision and assistance of Dr. Timothy Saar. Additionally, petitioner requested visitation with the children a number of times throughout the course of the case below. The guardian opposed visitation based on the nature of the abuse and the possibility that criminal charges could result from the allegations. Later, issues concerning criminal bond restraints prevented contact between petitioner and the children. Moreover, the guardian repeatedly objected to visitation based on the wishes of B.C.-1 and D.C., who consistently voiced a desire not to return to petitioner's home.

In August and September of 2014, the circuit court held dispositional hearings, during which both Ms. Nelson and Dr. Saar testified. Dr. Saar testified that petitioner's abusive issues stem from an "enduring personality characteristic" and not from a lack of parenting skills. Moreover, Dr. Saar testified that petitioner believes the children have lied or made up stories which resulted in the abuse and petitioner's refusal to acknowledge her own problems and issues. According to Dr. Saar, petitioner believed the majority of the problems in the home were caused by the children's behavior and that during her interview, petitioner focused on blaming the children. Thus, Dr. Saar opined that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse in the home, especially in light of her belief that the issues of abuse lie with the children and not with her. Ms. Nelson also testified that petitioner blamed the children. Moreover, petitioner's parenting education provider testified that while petitioner attended these services, she did not feel that petitioner benefitted because she never admitted she did anything wrong that needed to be improved upon. Specifically, the provider testified that petitioner stated the accusations against her were inaccurate. During her dispositional testimony, petitioner attempted to minimize her prior stipulations, testifying that she pulled B.C.-1's hair as a safety measure to keep the child from breaking a glass door while having a tantrum. Petitioner also testified that, contrary to her stipulations, she was not angry when she pulled down the shelves, but was merely cleaning them and pulled them down.

. . . and petitioner's apparent criminal conduct during the proceedings below, we find a referral of this matter to the Office of Disciplinary Counsel ("ODC") to be warranted. "When this Court believes a case before it presents the appearance of conduct that does not comport with the West Virginia Rules of Professional Conduct (RCP), we will comply with Rule 8.3(a) of the RPC and Canon 3D(2) of the Code of Judicial Conduct, and refer the matter to the Office of Disciplinary Counsel for its review and appropriate action." Syl. Pt. 8, *Gum v. Dudley*, 202 W.Va. 477, 505 S.E.2d 391 (1997). Accordingly, we direct the Clerk of the Supreme Court of Appeals to transmit a certified copy of this Opinion to the ODC. To be clear, by making this referral we express no opinion as to whether disciplinary proceedings ultimately should be initiated or how such proceedings should be resolved. It is for ODC to determine whether, and/or how, to proceed after it has reviewed this matter.

Following the dispositional hearing, petitioner submitted objections to the circuit court's dispositional findings and attempted to mitigate any fault to which she previously stipulated. Petitioner specifically stated that she only stipulated to abuse so she could receive an improvement period. Ultimately, the circuit court denied petitioner's motion for a post-adjudicatory improvement period and terminated her parental rights. Petitioner appeals from the dispositional order.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court denying petitioner's motion for a post-adjudicatory improvement period, failing to dismiss the abuse and neglect petition, failing to immediately appoint her counsel in the proceedings, or terminating her parental rights to the children.

To begin, petitioner argues that she was entitled to a post-adjudicatory improvement period because she stipulated to certain allegations in the petition at adjudication. However, petitioner's argument on this issue misstates the law applying to improvement periods. Petitioner cites to *In re Darla B.*, 175 W.Va. 137, 331 S.E.2d 868 (1985) to argue that a circuit court may only deny an improvement period when "compelling circumstances" justify such a refusal. While this is an accurate reflection of the holding in that specific case, this argument ignores subsequent holdings from this Court on the matter of improvement periods as well as amendment to the statute governing post-adjudicatory improvement periods. Specifically, West Virginia Code § 49-6-12(b)(2) provides circuit courts discretion in granting improvement periods upon a showing "that the [parent] is likely to fully participate in the improvement period . . . ." In the instant matter, petitioner did not satisfy this burden.

In denying petitioner's motion for a post-adjudicatory improvement period, the circuit court specifically found that despite petitioner's testimony that she would comply with an improvement period, she went on "to justify all of her actions and . . . attribute any problems in the home to her children." The circuit court further found that petitioner was in a "state of denial" concerning the abuse in the home and failed to accept responsibility for the conditions that necessitated the petition's filing. Moreover, following the dispositional hearing, petitioner

4

submitted a series of objections to the circuit court's findings wherein she mitigated her culpability in the instances of abuse to which she stipulated and admitted that she only stipulated at adjudication in order to obtain an improvement period. In discussing improvement periods, we have previously held that

> [i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M.*, 231 W.Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *In re: Charity H.*, 215 W.Va. 208, 217, 599 S.E.2d 631, 640 (2004)). As outlined above, petitioner minimized her own actions, attempted to mitigate her prior stipulations, and blamed the children for her abuse. As such, it is clear that the circuit court did not err in denying petitioner's motion for a post-adjudicatory improvement period.

As to petitioner's argument that the circuit court erred in failing to dismiss the initial abuse and neglect petition, we find no error in this regard. While petitioner makes certain procedural arguments that the petition was not timely filed, reviewed, or entered, the record is clear that petitioner never brought these issues to the circuit court's attention or otherwise moved to have the petition dismissed. We have previously held that our "general rule is that nonjurisdictional questions not raised at the circuit court level will not be considered to the first time on appeal." *State v. Jessie*, 225 W.Va. 21, 27, 689 S.E.2d 21, 27 (2009) (citing *Whitlow v. Bd. of Educ. of Kanawha County*, 190 W.Va. 223, 226, 438 S.E.2d 15, 18 (1993)). Because petitioner failed to raise this issue below, the Court declines to consider the same on appeal.

Petitioner next alleges that the circuit court erred in failing to immediately appoint her counsel below.[4] Upon our review, we find no error in this regard. While petitioner is correct that

---

[4]Petitioner additionally alleges that the circuit court erred in not immediately appointing counsel for J.C., another adult respondent who lived in the home and an alleged psychological parent to the children. However, the Court declines to address the assignment of error insomuch as petitioner lacks standing to assert a claim on behalf of a third party. We have previously held that

> "[t]raditionally, courts have been reluctant to allow persons to claim standing to vindicate the rights of a third party on the grounds that third parties are generally the most effective advocates of their own rights and that such litigation will result in an unnecessary adjudication of rights which the holder either does not wish . . . . . . to assert or will be able to enjoy regardless of the outcome of the case." *Snyder v. Callaghan*, 168 W.Va. 265, 279, 284 S.E.2d 241, 250 (1981) (citation omitted). . . .

West Virginia Code § 49-6-3(a)(2) states that the initial order in an abuse and neglect proceeding "shall contain an order appointing counsel," the Court finds that the circuit court's failure to include such language does not constitute error in light of the fact that petitioner was appointed counsel prior to the preliminary hearing's conclusion and was represented throughout the entirety of the proceedings below. Specifically, petitioner appeared for the preliminary hearing on June 3, 2014, without representation and informed the circuit court that she had completed a financial affidavit, but had not submitted it for review. As such, petitioner requested a continuance and the circuit court granted one. Petitioner thereafter appeared for the continued preliminary hearing on June 12, 2014, with appointed counsel.

In regard to abuse and neglect proceedings, we have previously held that

> "[w]here it appears from the record that the process established by the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes for the disposition of cases involving children [alleged] to be abused or neglected has been substantially disregarded or frustrated, the resulting order . . . will be vacated and the case remanded for compliance with that process and entry of an appropriate . . . order." Syllabus point 5, in part, *In re Edward B.*, 210 W.Va. 621, 558 S.E.2d 620 (2001).

Syl. Pt. 3, *In re Emily G.*, 224 W.Va. 390, 686 S.E.2d 41 (2009). Upon our review of the record, it is clear that petitioner was not prejudiced by the lack of appointed counsel prior to the first preliminary hearing, as evidenced by the circuit court granting a continuance so that she could obtain counsel and her representation throughout the entirety of the proceedings below. As such, under the specific circumstances of this case, we cannot find that the process established for abuse and neglect proceedings was substantially disregarded or frustrated such that reversal of any of the circuit court's orders is necessary. Therefore, we find no error in regard to this assignment of error.

Lastly, petitioner argues that termination of her parental rights was erroneous because the circuit court failed to consider any less restrictive dispositional alternatives. However, upon our review, we find no evidence to support this argument. That the circuit court did not impose a less restrictive dispositional alternative is not evidence that no such alternatives were considered. In fact, petitioner's failure to acknowledge the underlying conditions of abuse in the home left the circuit court with no option other than termination of her parental rights because she could not remedy these conditions. Pursuant to West Virginia Code § 49-6-5(b)(3), a situation in which there is no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected includes one in which

> [t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the

---

. . . *Kanawha Cnty. Pub. Library Bd. v. Bd. of Educ. of Cnty. of Kanawha*, 231 W.Va. 386, 398, 745 S.E.2d 424, 436 (2013). The Court notes that J.C. currently has an appeal from these proceedings pending before the Court.

abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare or life of the child.

The circuit court was presented with overwhelming evidence that petitioner failed to respond to, or follow through with, the services implemented below. Further, petitioner continued to deny any wrongdoing even after undergoing services implemented to address her abusing behavior.

Specifically, petitioner's parenting education provider testified at the dispositional hearing that petitioner never admitted she did anything wrong that needed to be improved upon. Further, the provider testified that petitioner stated the accusations against her were inaccurate. This evidence supported the circuit court's findings that petitioner justified her abuse by attributing problems in the home to the children and also that petitioner was in total denial regarding the abuse. As such, the circuit court had ample evidence upon which to find that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse in the home. Moreover, the circuit court also found that the children's best interests required termination of petitioner's parental rights. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon these findings. Further, we have held as follows:

> "Termination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W. Va.Code [§] 49–6–5 . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W. Va.Code [§] 49–6–5(b) . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). For these reasons, termination of petitioner's parental rights was not error.

For the foregoing reasons, we find no error in the decision of the circuit court and its October 14, 2014, order is hereby affirmed.

Affirmed.

**ISSUED**: June 15, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**NOT PARTICIPATING:**

Justice Robin Jean Davis