# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**In Re: K.P. & V.P.**

**No. 15-0082** (Gilmer County 14-JA-13 & 14-JA-14)

**FILED**

August 31, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father J.P., by counsel Kevin W. Hughart and Christen M. Justice, appeals the Circuit Court of Gilmer County's January 20, 2015, order terminating his parental rights to K.P. and V.P. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Mary Elizabeth Snead, filed a response on behalf of the children also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in (1) terminating his parental rights without considering less-restrictive dispositional alternatives and (2) denying him a post-adjudicatory improvement period.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2014, the DHHR filed an abuse and neglect petition alleging that petitioner had sexual intercourse with his then ten-year-old daughter, K.P., on multiple occasions and had been arrested on multiple counts related thereto. In July of 2014, the circuit court held an adjudicatory hearing. The circuit court heard evidence that, during a law enforcement interview, petitioner admitted that he had sexual intercourse with K.P. on at least ten occasions. Based upon this evidence, the circuit court found that petitioner abused and neglected K.P. and K.P.'s sibling, V.P.

In September of 2014, the circuit court held a dispositional hearing in this matter. Petitioner moved for an improvement period. The DHHR again presented evidence that petitioner had admitted to sexually abusing and assaulting K.P. Petitioner chose not to testify or offer any additional evidence due to his pending criminal charges related to the allegations herein. The DHHR moved for termination of petitioner's parental rights to the children, and the

---

[1]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

guardian recommended the same. By order entered on January 20, 2015, the circuit court terminated petitioner's parental rights to the children, finding that there was no likelihood that petitioner could substantially correct the conditions of neglect or abuse in the foreseeable future and the children's best interests required termination.[2] This appeal followed.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner first assigns error to the circuit court's termination of his parental rights to these children and failure to grant him a less-restrictive dispositional alternative. We have explained that "[t]ermination . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected." Syl. Pt. 7, in part, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996). We have also made clear that West Virginia Code §§ 49-6-12(b), 49-6-12(c), and 49-6-5(c) grant circuit courts discretion in determining whether to permit improvement periods, including those employed as less-restrictive dispositional alternatives to termination, in abuse and neglect proceedings. Further, "courts are not required to exhaust every speculative possibility of parental improvement before terminating parental rights where it appears that the welfare of the child will be seriously threatened . . . ." Syl. Pt. 1, in part, *In Re: R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

While petitioner argues that the circuit court "never truly considered" alternatives to termination of his parental rights, petitioner fails to cite any portion of the record on appeal to support such a claim. We have often explained that

---

[2]According to the West Virginia Division of Corrections' website and the West Virginia Regional Jail Authority's website, petitioner is currently incarcerated on two convictions for incest and awaits trial on additional felony and misdemeanor charges. His parole eligibility date on the two convictions for incest appears to be in May of 2024.

2

[a]n appellant must carry the burden of showing error in the judgment of which he complains. This Court will not reverse the judgment of a trial court unless error affirmatively appears from the record. Error will not be presumed, all presumptions being in favor of the correctness of the judgment.

Syl. Pt. 5, *Skidmore v. Skidmore*, 225 W.Va. 235, 691 S.E.2d 830 (2010) (citation omitted). We will not presume that the circuit court failed to consider such alternatives before ultimately arriving at the decision to terminate petitioner's parental rights based on the evidence presented and the children's best interests. We have often held that "'the best interests of the child is the polar star by which decisions must be made which affect children.' *Michael K.T. v. Tina L.T.*, 182 W.Va. 399, 405, 387 S.E.2d 866, 872 (1989)." *Kristopher O. v. Mazzone*, 227 W.Va. 184, 192, 706 S.E.2d 381, 389 (2011). In this case, the record on appeal is devoid of any evidence that petitioner was reasonably likely to substantially correct the conditions of abuse in the near future. To the contrary, the evidence strongly supported the finding that petitioner had sexually assaulted K.P. on multiple occasions. Both children's welfare was seriously threatened by petitioner's sexual assault of K.P., and their best interests required termination. Therefore, for the foregoing reasons, no less-restrictive dispositional alternatives to termination were required in this matter.

To the extent petitioner argues that the DHHR failed to offer him services during the pendency of the proceedings below, we note that West Virginia Code § 49-6-5(a)(7)(A) provides, in relevant part, that

> the [DHHR] is not required to make reasonable efforts to preserve the family if the court determines . . . [t]he parent has subjected the child, another child of the parent or any other child residing in the same household . . . to aggravated circumstances which include, but are not limited to . . . sexual abuse.

Due to petitioner's own admissions and ample evidence before the circuit court in this matter, petitioner's case presented aggravated circumstances. Therefore, the DHHR was not required to make reasonable efforts to preserve the family. As such, we find no error in this regard.

Petitioner's second and final assignment of error is that the circuit court erred in denying him a post-adjudicatory improvement period. As explained above, West Virginia Code §§ 49-6-12 provides circuit courts with discretion in determining whether to permit an improvement period in an abuse and neglect proceeding. Further, pursuant to West Virginia Code § 49–6–12(b)(2), in order to receive an improvement period, a parent must "demonstrate[], by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period . . . ." Petitioner failed to satisfy this burden.[3] Given the circumstances of this case, we find no abuse

---

[3]While petitioner acknowledges in his brief to this Court that the burden was his to demonstrate that he would fully participate with an improvement period, he also stated that "in order to justify a denial of a properly requested period of improvement, the court must determine whether there are 'compelling circumstances' that warrant such a denial[,]" citing language from *In the Interest of Darla B.*, 175 W.Va. 137, 331 S.E.2d 868 (1985). Petitioner relies upon case (continued . . .)

of that discretion in the circuit court's denial of a post-adjudicatory improvement period for petitioner.

For the foregoing reasons, we find no error in the circuit court's January 20, 2015, order, and we hereby affirm the same.

Affirmed.

**ISSUED**: August 31, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

law decided under a previous version of West Virginia Code § 49-6-2(b). In 1996, the West Virginia Legislature revised Section 49 of the West Virginia Code to remove the "compelling circumstances" requirement for improvement periods set forth in West Virginia Code § 49-6-2(b) and replaced it with West Virginia Code § 49-6-12, which details the requirements and time frames for improvement periods in abuse and neglect proceedings. We noted this change in *State ex rel. Virginia M. v. Virgil Eugene S.* II, 197 W.Va. 456, n.9, 475 S.E.2d 548, n.9 (1996) as follows:

> West Virginia Code § 49-6-12 (1996), recently enacted by the West Virginia Legislature, now requires a parent seeking an improvement period in cases of neglect or abuse to file a written motion requesting it, and to demonstrate by clear and convincing evidence that he or she is likely to fully participate in the improvement period. Thus rather than presuming the entitlement of a parent to an improvement period, as under [prior law], the law now places on the parent the burden of proof regarding whether an improvement period is appropriate.

Therefore, we note that the circuit court was under no obligation to make a "compelling circumstances" finding as petitioner claims.