# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: B.O. & B.O.**

**No. 15-0610** (Clay County 15-JA-2 & 15-JA-3)

**FILED**

October 20, 2015

**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Mother M.R., by counsel Christen Justice, appeals the Circuit Court of Clay County's June 12, 2015, order terminating her parental rights to B.O.-1 and B.O.-2.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem, Wayne King, filed a response on behalf of the children. On appeal, petitioner alleges that the circuit court erred in denying her motion for a post-adjudicatory improvement period and in terminating her parental rights without considering less-restrictive dispositional alternatives.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In January of 2015, the DHHR filed an abuse and neglect petition and alleged that petitioner failed to provide B.O.-1, who suffers from cystic fibrosis, with proper medical care, thereby endangering her life. That same month, the circuit court held a preliminary hearing that petitioner did not attend in person, but was represented by counsel. The circuit court found that the children were hospitalized twice during the month of January 2015. As such, the circuit court placed the children in the DHHR's custody.

The circuit court held an adjudicatory hearing in March of 2015, during which petitioner stipulated to medical neglect and also admitted to having a substance abuse problem. Thereafter, the DHHR arranged for inpatient drug treatment for petitioner, but she never completed the necessary paperwork to undergo the treatment. Additionally, the circuit court required petitioner

---

[1]Because the children in this matter share the same initials, the Court will refer to them as B.O.-1 and B.O.-2 throughout the memorandum decision to differentiate between them.

[2]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

1

to pass drug screens in order to visit the children. During the pendency of the proceedings, petitioner passed only one drug screen and, therefore, exercised visitation with the children only once. The DHHR also attempted to provide petitioner with parenting and adult life skills training, but petitioner failed to provide the caseworker with proper contact information.

The circuit court held an initial dispositional hearing in April of 2015 that petitioner failed to attend. The circuit court was advised that petitioner had entered an inpatient drug treatment program and could not attend the hearing. As such, the dispositional hearing was continued. Subsequently, it was discovered that petitioner was not undergoing treatment and had never submitted to the same. Approximately four days later, the circuit court held a final dispositional hearing which petitioner again did not attend, but was represented by counsel. The circuit court ultimately terminated petitioner's parental rights. Petitioner appeals from the dispositional order.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court denying petitioner's motion for a post-adjudicatory improvement period or in terminating her parental rights.

First, the court finds no merit to petitioner's argument that the circuit court erred in denying her motion for a post-adjudicatory improvement period. In fact, petitioner's argument on this issue misstates the applicable law regarding the granting of improvement periods. In arguing that a circuit court may only deny an improvement period when compelling circumstances warrant such denial, petitioner relies upon our prior holding in *In re Darla B.*, 175 W.Va. 137, 331 S.E.2d 868 (1985). However, petitioner's argument ignores subsequent changes to the West Virginia Code and our cases interpreting the same. In particular, pursuant to West Virginia Code § 49-6-12(b)(2), a circuit court may only grant a post-adjudicatory improvement period when the parent "demonstrates, by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period . . . ."

2

The circuit court in this matter made this finding based upon substantial evidence. This includes petitioner's failure to attend multiple hearings in these proceedings, her failure to complete necessary paperwork to attend inpatient therapy as arranged by the DHHR, or even provide her caseworker with appropriate contact information in order to implement services. While petitioner argues that she was seeking drug treatment on her own, the record shows that the DHHR had already arranged such treatment but that petitioner failed to take advantage of this opportunity. Moreover, the DHHR contacted several rehabilitation facilities, none of which had a record of petitioner having submitted for treatment. For these reasons, it is clear petitioner could not satisfy her burden of establishing she was likely to fully comply with an improvement period, and the circuit court did not err in denying her motion for a post-adjudicatory improvement period.

As to petitioner's argument that the circuit court erred in terminating her parental rights without considering less-restrictive alternatives, the Court finds no error. As addressed above, the evidence established that petitioner took no steps to comply with the services the DHHR offered, her self-serving testimony of having sought drug treatment on her own notwithstanding. The DHHR provided petitioner with the opportunity to receive inpatient drug treatment, but she failed to complete paperwork necessary to undergo the same. Further, as noted above, petitioner failed to provide her caseworker with basic contact information so that she could receive services.

Pursuant to West Virginia Code § 49-6-5(b)(3), there is no reasonable likelihood the conditions of abuse or neglect can be substantially corrected when "[t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child." Here, the circuit court made this finding in regard to petitioner based upon the evidence outlined above. The circuit court also found that termination of petitioner's parental rights was in the children's best interests. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon these findings. Further, we have previously held that

> "[c]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened, and this is particularly applicable to children under the age of three years who are more susceptible to illness, need consistent close interaction with fully committed adults, and are likely to have their emotional and physical development retarded by numerous placements." Syl. Pt. 1, in part, *In re R.J.M.,* 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 4, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). As such, it was not error for the circuit court to terminate petitioner's parental rights instead of imposing a less-restrictive dispositional alternative.

For the foregoing reasons, we find no error in the decision of the circuit court and its January 28, 2015, order is hereby affirmed.

3

                                                                          Affirmed.

**ISSUED**: October 20, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II