# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* A.V.

No. 22-773 (Harrison County 21-JA-286-1)

## MEMORANDUM DECISION

Petitioner Mother A.M.[1] appeals the Circuit Court of Harrison County's September 12, 2022, order terminating her parental and custodial rights to A.V.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In November 2021, the DHHR filed a petition alleging substance abuse issues by petitioner that resulted in abuse and/or neglect to the child, including exposure to domestic violence. The petition included allegations that petitioner admitted to using suboxone without a prescription as well as occasionally using methamphetamine. The petition further alleged that petitioner tested positive for multiple substances, including amphetamine, buprenorphine, fentanyl, and methamphetamine.

At the adjudicatory hearing in December 2021, petitioner entered a stipulated adjudication admitting to substance abuse while the child was in her care, resulting in abuse and neglect of the child, and the circuit court adjudicated her as a neglecting parent. Following this hearing, petitioner moved for a post-adjudicatory improvement period. In January 2022, the circuit court granted petitioner a six-month post-adjudicatory improvement period. As terms and conditions of the improvement period, petitioner was required to participate in counseling, parenting classes, and drug screens. Petitioner also agreed, among other things, to follow any recommendations made by any therapist or service provider; have no drugs or alcohol in her

---

[1]Petitioner appears by counsel Jenna L. Robey. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Heather L. Olcott. Counsel Holly L. Netz appears as the child's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

home; and have no contact with known felons, drug abusers, or individuals with a Child Protective Services history.

At the dispositional hearing in August 2022, the DHHR presented evidence of petitioner's continued substance abuse and lack of progress with services. According to the evidence, petitioner admitted to one of her service providers that she was actively using drugs, not submitting to drug screens, and claimed to be going back to rehab. She also could not identify any deficits in her parenting and continued to blame others for her problems. Additionally, petitioner entered into inpatient substance abuse treatment programs twice during the post-adjudicatory improvement period and left against medical advice each time. Further, petitioner missed forty-four drug screens, and, of the drugs screens petitioner did attend, all were positive. Finally, evidence was presented that petitioner had a verbal altercation with the child's father necessitating a response from law enforcement. Upon arrival, law enforcement discovered that the father had an active capias and was in possession of more than two grams of fentanyl.

Based on this evidence, the circuit court found that there was no reasonable likelihood petitioner could substantially correct the conditions of abuse and neglect because of her continued substance abuse and failure to respond to or follow through with appropriate treatment. Moreover, due to the child's young age and petitioner's inability to correct the conditions of abuse and neglect, the circuit court found that termination of petitioner's parental rights was in the child's best interest. As such, the circuit court terminated petitioner's parental and custodial rights to the child. It is from the dispositional order that petitioner appeals.[3]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

Before this Court, petitioner raises only one assignment of error. She asserts that it was error to terminate her rights to the child. Petitioner argues that there was a reasonable likelihood that she could correct the conditions of neglect in the near future. Thus, petitioner contends that it was error to terminate her parental rights when the court could have "suspended" her rights under West Virginia Code § 49-4-604(c)(5). We find this argument unavailing, as the circuit court was presented with sufficient evidence to terminate petitioner's parental rights. West Virginia Code § 49-4-604(c)(5) provides only for *temporary* measures, while the circuit court explicitly found that permanency was required. The record demonstrates that the child was two years old at the time of the dispositional hearing and subject to the chronic neglect of petitioner. Thus, the circuit court had sufficient evidence upon which to find that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected.

As set forth above, the DHHR presented evidence that there had been no change in petitioner's circumstances. The circuit court noted, "the evidence before this Court is that . . . [petitioner is] in close to the same position as before[,]" and she "continues to make poor

---

[3]The father's parental and custodial rights were also terminated. The permanency plan for the child is adoption in the current placement.

judgments that would threaten the health, safety, and welfare of [the child]." Pursuant to West Virginia Code § 49-4-604(d)(3), a situation in which there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected includes one in which "[t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health, or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child." Additionally, as the circuit court correctly noted, we have previously explained that

> "'[c]ourts are not required to exhaust every speculative possibility of parental improvement before terminating parental rights where it appears that the welfare of the child will be seriously threatened, and this is particularly applicable to children under the age of three years who are more susceptible to illness, need consistent close interaction with fully committed adults, and are likely to have their emotional and physical development retarded by numerous placements.' *In re R.J.M.*, 164 W. Va. 496, 266 S.E.2d 114 (1980)." Syllabus point 1, *Interest of Darla B.*, 175 W. Va. 137, 331 S.E.2d 868 (1985).

Syl. Pt. 1, *In re Lacey P.*, 189 W. Va. 580, 433 S.E.2d 518 (1993). There is little evidence of any attempt by the petitioner to ameliorate the circumstances that precipitated the filing of the petition. The circuit court found that petitioner lacked the capacity to complete a drug treatment program, habitually abused drugs, failed to attend drug screens, and refused to acknowledge deficits in her parenting. West Virginia Code § 49-4-604(c)(6) permits circuit courts to terminate parental rights upon these findings.

Furthermore, this Court has long held that the paramount goal of these proceedings is to facilitate "safe, stable, secure permanent homes for abused and/or neglected children." *In re Emily*, 208 W. Va. 325, 337, 540 S.E.2d 542, 554 (2000). The dispositional alternative petitioner requested provides only for a temporary placement for the child, while termination of parental rights under West Virginia Code § 49-4-604(c)(6) allows for a permanent placement. As such, it is clear that any assertion by petitioner that this less-restrictive dispositional alternative would provide the child with the same stability as termination of her parental rights is without merit. Petitioner also argues that termination of her rights was not necessary for the child's welfare because the child was placed with a relative, but this fact does nothing to undermine the court's findings concerning the child's need for permanency. In short, the court had a sufficient basis upon which to make the findings necessary to terminate petitioner's parental and custodial rights. *See* W. Va. Code § 49-4-604(c)(6) (permitting circuit court to terminate parental and custodial rights upon finding no reasonable likelihood the conditions of neglect can be substantially corrected in the near future and when necessary for the child's welfare); *see also* Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (permitting termination of parental and custodial rights "without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect . . . can be substantially corrected"). Accordingly, termination of petitioner's parental rights was not in error.

For the foregoing reasons, we find no error in the decision of the circuit court, and its September 12, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: October 25, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn