375 S.E.2d 823

**In the Matter of the ABUSE AND NEGLECT OF R.O. and R.O.**

**No. 17931.**

Supreme Court of Appeals of West Virginia.

Decided Dec. 21, 1988.

Barbara L. Baxter, Wheeling, for appellant.

Charles G. Brown, III, Atty. Gen., for the Dept. of Human Services.

PER CURIAM:

This is an appeal from a final order of the Circuit Court of Ohio County, entered September 10, 1986, which terminated the parental rights of the appellant, G.O. The appellant contends that the evidence was not sufficient to support the termination of her parental rights. We remand for a further hearing.

On November 16, 1984, Debra Hannan, a protective services worker for the West Virginia Department of Human Services (hereinafter, "the Department"), filed a petition with the Circuit Court of Ohio County, seeking to have two children, age 3 and age 1, declared neglected or abused children and removed from the custody of their natural mother, the appellant herein, until the conditions giving rise to the petition had been corrected. By order dated the same day, the court ordered the children placed in the temporary care, custody and control of the Department and appoint-

ed separate counsel to represent the children and the appellant.

A preliminary hearing was conducted on November 19, 1984, at which time the appellant requested an improvement period. In response, the Department prepared a family case plan [1] designed to correct the conditions existing at the time the petition was filed. Among other things, the family case plan required the appellant to submit to a psychological evaluation and to any counseling or treatment recommended as a result of such evaluation and to participate in parenting classes and cooperate with suggestions for improving her parenting skills. The appellant subsequently waived her right to a preliminary hearing and agreed to accept the Department's recommendation of a three-month improvement period in which to implement the provisions of the family case plan. By order dated January 28, 1985, the circuit court adopted the Department's recommendations and family case plan, but ordered the children to remain in the Department's temporary custody during the improvement period.

An adjudicatory hearing was conducted on March 21, 1985. The evidence showed that at the time the petition was filed, the appellant had failed to provide the children with suitable housing, furnishings or clothing, had failed to supervise or discipline the children and had refused numerous offers of assistance, including offers of needed food and milk for the children. In addition, the evidence strongly suggested that the appellant was suffering from a serious mental illness which required hospitalization and which, without treatment, rendered her incapable of caring for and potentially harmful to the children.

The evidence adduced at the adjudicatory hearing also showed that although the appellant had obtained appropriate housing and home furnishings during the improvement period and was financially able to maintain the home and care for the children, her overall progress on the family case plan was poor. The appellant appeared not to understand why the children

were taken from her and had repeatedly refused to accept inpatient evaluation and treatment recommended by the Department, mental health professionals and her own attorney, usually accusing those making such suggestions of mental illness. On this evidence, the Department moved for termination of the appellant's parental rights.

At the conclusion of the hearing, the court found that the children had been neglected at the time the petition was filed, but that such neglect was not willful in that the appellant was suffering from a mental illness or deficiency. The circuit court also found that the appellant had failed to cooperate in the development of a family case plan or to follow through with the rehabilitative efforts of the Department and other social and mental health agencies and that her mental illness rendered her incapable of exercising proper parenting skills or sufficiently improving the adequacy of such skills. Although any of these findings would have supported termination of the appellant's parental rights, under W.Va.Code § 49-6-5(b) [1984], the statute then in effect, the circuit court, as an alternative, granted the appellant a three-month post-dispositional improvement period and strongly urged her to seek psychological evaluation and treatment. In July 1985, the improvement period was extended for an additional three months. The children remained in the temporary custody of the Department during this time.

A further hearing was conducted on September 26, 1985, at which time the evidence showed that the appellant had continued to reject any suggestion or offer of psychological evaluation or treatment and was given to hostile and intemperate outbursts in front of the children. The case was submitted for final disposition on October 17, 1985.

It does not appear, however, that any further action was taken until July 17,

---

**1.** Under W.Va.Code § 49-6-2(b) (1986 Replacement Vol.), the Department is required to prepare a family case plan in accordance with the provisions of W.Va.Code § 49-6D-3 (1986 Re-

placement Vol.) any time an improvement period is authorized. *See State ex rel. W.Va. Department of Human Services v. Cheryl M.*, 177 W.Va. 688, 356 S.E.2d 181 (1987).

1986. At a hearing conducted on that date, counsel for the Department advised the court that a mental hygiene petition had been filed against the appellant and that she had been committed to a mental health facility approximately one month before. Counsel for the appellant joined in the Department's motion that a final decision be rendered upon the record as it existed at that time. At the conclusion of the hearing, the court indicated its intention to terminate the appellant's parental rights.

Two further hearings were conducted for the purpose of advising the appellant, following her release from the hospital, of the court's decision and of her rights regarding appeal. No evidence was adduced at either of these hearings. By order dated September 10, 1986, the court found that the appellant had failed to cooperate in the development of the family case plan, had not responded to reasonable rehabilitative efforts and was mentally or emotionally unable to provide properly for the children. The court found no reasonable likelihood that the conditions of neglect could be substantially corrected in the near future and that termination of the appellant's parental rights was necessary for the welfare of the children.[2] It is from this order that the appellant brings this appeal.

The appellant does not seriously contend that the trial court erred in finding that the children were neglected at the time the petition was filed. Instead, her principal contention is that the evidence did not warrant termination of her parental rights. In this regard, the appellant asserts that the evidence did not show any reasonable likelihood that the conditions of neglect could be substantially corrected in the near future.

■ The dispositional phase of child abuse or neglect proceedings is governed by W.Va.Code § 49–6–5 (1988 Cum.Supp.), which provides a number of dispositional alternatives the circuit court may consider, giving precedence to the least restrictive alternative appropriate in the circumstances.

"As a general rule the least restrictive alternative regarding parental rights to custody of a child under *W.Va.Code*, 49–6–5 [1977] will be employed; however, courts are not required to exhaust every speculative possibility of parental improvement before terminating parental rights where it appears that the welfare of the child will be seriously threatened, and this is particularly applicable to children under the age of three years who are more susceptible to illness, need consistent close interaction with fully committed adults, and are likely to have their emotional and physical development retarded by numerous placements." Syl. pt. 1, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syllabus point 1, *In the Interest of Darla B.*, 175 W.Va. 137, 331 S.E.2d 868 (1985).

Termination of parental rights, the most restrictive alternative, is authorized only "[u]pon a finding that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future, and when necessary for the welfare of the child." W.Va.Code § 49–6–5(a)(6). The State must produce clear and convincing evidence to support this finding before the court may sever the custodial rights of the natural parents. *State v. Carl B.*, [171] W.Va. [774], 301 S.E.2d 864 (1983); *In re Willis*, [157 W.Va. 225, 207 S.E.2d 129 (1978)].

*State v. C.N.S.*, 173 W.Va. 651, 656, 319 S.E.2d 775, 780 (1984).

■ Here, it appears that the principal reason for the termination of the appellant's parental rights was her serious mental illness and her repeated refusal to seek professional evaluation and treatment. The existence of a mental illness which renders a parent incapable of exercising proper parenting skills or of improving the adequacy of such skills and the failure of a

---

**2.** The Department had also petitioned for termination of the parental rights of the children's natural father on grounds of abandonment. Counsel was appointed to represent the father in the proceedings below, but was unable to locate him. The court subsequently terminated the father's parental rights, and no appeal has been taken from this ruling.

parent to respond to rehabilitative efforts of the Department are circumstances warranting a finding of "no reasonable likelihood that conditions of neglect or abuse can be substantially corrected" under the statute.[3] We have also expressly recognized that the inability or unwillingness of a parent to obtain medical treatment to correct a mental deficiency that endangers the welfare of his or her children will support a termination of parental rights. *See State v. Scritchfield,* 167 W.Va. 683, 280 S.E.2d 315 (1981).

 There is evidence in the record which indicates that the appellant was suffering from a serious mental illness which affected her ability to care for the children. Despite the urging of the Department, the court, mental health professionals and her own attorney, the appellant repeatedly refused to acknowledge this fact or to seek treatment to correct her condition. We tend to believe that these facts support the ruling of the circuit court.

 We are troubled, however, by the lack of a record concerning the appellant's condition following her hospitalization. Although it appears that hospitalization was forced upon the appellant, it seems clear that she had been released from treatment prior to entry of the final order. If the appellant's parental rights are to be terminated for her inability or unwillingness to seek treatment for her mental illness, the requirements of due process would appear to require the Department to put into evidence the results of such treatment when it was ultimately forced upon her.

Accordingly, we believe the appropriate remedy in this case is to remand for further evidentiary development. The hearing on remand is solely for the purpose of adducing evidence as to the appellant's mental state following her hospitalization in July of 1986. If the evidence shows that the appellant has not, in the past two years, sought out and responded to professional treatment, the order of the circuit court terminating her parental rights should stand.

REMANDED.

NEELY, J., dissents.

---

**3.** W.Va.Code § 49–6–5(b) provides, in pertinent part:

> As used in this section, "no reasonable likelihood that conditions of neglect or abuse can be substantially corrected" shall mean that, based upon the evidence before the court, the abusing adult or adults have demonstrated an inadequate capacity to solve the problems of abuse or neglect, on their own or with help. Such conditions shall be deemed to exist in the following circumstances, which shall not be exclusive:
>
>     \*     \*     \*     \*     \*     \*
>
> (3) The abusing parent or parents have not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare or life of the child;
>
>     \*     \*     \*     \*     \*     \*
>
> (6) The abusing parent or parents have incurred emotional illness, mental illness or mental deficiency of such duration or nature as to render such parent or parents incapable of exercising proper parenting skills or sufficiently improving the adequacy of such skills.