# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **L.J.-1 and L.J.-2**

**No. 18-0856** (Wayne County 17-JA-041 and 17-JA-042)

**FILED**

**April 19, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother A.D., by counsel Todd Meadows, appeals the Circuit Court of Wayne County's August 30, 2018, order terminating her parental rights to L.J.-1 and L.J.-2.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Brandolyn N. Felton-Ernest, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Kimberly McGann, filed a response on behalf of the children in support of the circuit court's order and a supplemental appendix. On appeal, petitioner argues that the circuit court erred in terminating her parental rights.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In April of 2017, the DHHR filed a petition alleging that petitioner exposed the children to domestic violence, abused controlled substances, and suffered from untreated mental health issues. The DHHR alleged that petitioner agreed to a protection plan prior to the filing of the petition, but petitioner continued to engage in domestic violence thereafter. The children were

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990). Additionally, as the children share the same initials, we refer to them as L.J.-1 and L.J.-2, respectively, throughout this memorandum decision.

[2]Petitioner also included documents in the appendix that were not made a part of the record below in contradiction to the West Virginia Rules of Appellate Procedure. *See* W. Va. R. App. Pro. 6. Accordingly, those documents will not be considered for the purposes of this appeal.

removed from petitioner's custody. The circuit court held an adjudicatory hearing in May of 2017, and petitioner stipulated that substance abuse and psychological issues negatively affected her ability to parent the children. Additionally, petitioner noted that she was admitted to the Riverpark Hospital for mental health treatment and was released after twenty days of treatment. The circuit court adjudicated petitioner as an abusing parent.

Petitioner moved for a post-adjudicatory improvement period and that motion was granted in June of 2017. The DHHR developed a family case plan that included a psychological evaluation, substance abuse evaluation, mental health treatment, parenting classes, and supervised visitations as required services. The case plan also required petitioner to take any medications as prescribed, participate in random drug screenings, and maintain stable housing and employment during the improvement period. The circuit court held multiple review hearings during the next six months and found petitioner was "moderately compliant" throughout. During this period, petitioner missed some supervised visitations, missed some random drug screens, and also tested positive for marijuana and oxycodone intermittently. Additionally, petitioner did not participate in mental health or substance abuse treatment during this time.

In April of 2018, the circuit court held a dispositional hearing.[3] Petitioner moved for a post-dispositional improvement period. The circuit court found that petitioner was "moderately compliant" with the terms of her post-adjudicatory improvement period and had "agreed to obtain treatment for mental health and substance abuse issues." Accordingly, the circuit court granted petitioner's motion for a post-dispositional improvement period.

In August of 2018, the circuit court held a final dispositional hearing. The DHHR presented evidence that petitioner exhibited unusual behavior during her supervised visitation that led the service provider to believe that petitioner was under the influence during these visitations. The service provider testified that petitioner expressed paranoid thoughts and that she was confrontational with her older son, L.J.-1, to the point of yelling at and threatening him. The service provider opined that petitioner's behavior was worsening and that she was not sufficiently emotionally stable to parent the children. According to the service provider, petitioner attended fourteen out of twenty-four parenting classes in the preceding three months. A DHHR worker testified that petitioner entered into an inpatient substance abuse treatment facility in July of 2018 and left after only seven days; attended an intake appointment at a mental health facility in July of 2018, but did not attend the follow-up appointment approximately two weeks later; and missed thirty-one out of thirty-nine drug screens, tested negative on two screens, and tested positive on the remaining six screens. Petitioner testified that she did not have a reason for leaving the substance abuse facility in July of 2018 and that she last used controlled substances that month. Additionally, petitioner testified that she missed three prior appointments at the mental health treatment facility. Petitioner also testified that her physicians diagnosed her with a thyroid condition that they believed may have caused some of her erratic behaviors.

---

[3]The circuit court previously granted three motions to continue this hearing so that the parties could receive the results of petitioner's psychological examination prior to disposition.

Ultimately, the circuit court found that there was no reasonable likelihood that petitioner could substantially correct the conditions of neglect or abuse due to her inconsistent treatment and lack of compliance with services. The circuit court further found that it was in the children's best interests to terminate petitioner's parental rights. Accordingly, the circuit court terminated petitioner's parental rights by its August 30, 2018, order. Petitioner now appeals that order.[4]

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the proceedings below.

On appeal, petitioner first argues that the circuit court erred in terminating her parental rights because insufficient evidence was presented to support a finding that there was no reasonable likelihood that the conditions of neglect or abuse could be substantially corrected in the near future. Petitioner argues that the circuit court terminated her parental rights prematurely because she was seeking treatment for her thyroid issue, which may have explained her erratic behaviors. Petitioner relies on *In the matter of the Abuse and Neglect of R.O. and R.O.*, 180 W. Va. 190, 375 S.E.2d 823 (1988) to support the remand of the order on appeal. However, we find the holding of *R.O.* inapplicable to the facts of this case. In *R.O.*, this Court remanded a dispositional order when the circuit court failed to make a record of a mother's potential improvement with her mental health issues following her involuntarily commitment to a mental health treatment facility between evidentiary hearings. *Id.* at 193-94, 375 S.E.2d at 826-27. Termination in that case was based on the mother's inability or unwillingness to participate in mental health treatment, and this Court reasoned that the circuit court should have determined if the mother experienced any change after having treatment forced upon her. *Id.* In petitioner's case, there was no procedural delay between dispositional hearings that required the further

[4]The father voluntarily relinquished his parental rights in April of 2018. According to the parties, the permanency plan for the children is adoption in their current relative foster placement.

consideration of additional evidence. Petitioner was provided an opportunity to present up-to-date information regarding her current medical diagnosis. *R.O.* does not stand for the proposition that any possible cause of parental neglect must be exhaustively investigated as petitioner purports. In fact, this Court has held that "[c]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened." *Cecil T.*, 228 W. Va. at 91, 717 S.E.2d at 875, syl. pt. 4, in part, (quoting syl. pt. 1, in part, *In re R.J.M.,* 164 W. Va. 496, 266 S.E.2d 114 (1980)). The record below shows that petitioner became aware of her diagnosis at some point in 2018, but failed to provide any details to the DHHR or otherwise present evidence to the circuit court as to how it may have been affecting her. Further, the record clearly sets forth petitioner's noncompliance with services, including failing to follow through with a substance abuse treatment program and mental health treatment, and continued drug use throughout the proceedings.

Accordingly, we find that the record supports the circuit court's findings that there was no reasonable likelihood that the conditions of neglect or abuse could be substantially corrected in the near future and that termination of petitioner's parental rights was necessary for the welfare of the children. West Virginia Code § 49-4-604(b)(6) provides that circuit courts are to terminate parental rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the children's welfare. West Virginia Code § 49-4-604(c)(3) provides that a situation in which there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected includes one in which the abusing parent "ha[s] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child." Petitioner did not complete the requirements of her family case plan over the course of two six-month improvement periods. Petitioner continued to test positive for controlled substances and continued to act erratically and yell at L.J.-1 during supervised visitations. Clearly, petitioner did not benefit from the services she received because the conditions of neglect continued to exist at the time of the final dispositional hearing. Therefore, the circuit court did not err in finding that there was no reasonable likelihood that the conditions of neglect or abuse could be substantially corrected in the near future.

Similarly, the record supports a finding that the termination of petitioner's parental rights was necessary for the welfare of the children. Petitioner's substance abuse and mental health issues required the removal of the children and petitioner failed to correct those issues. Accordingly, the children would be subject to continued neglect if returned to her care. We have also held as follows:

> "Termination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(c)] that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

4

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). The record supports the requisite findings for the circuit court to terminate petitioner's parental rights. Accordingly, we find no error in the circuit court's ruling below.

For the foregoing reasons, we find no error in the decision of the circuit court, and its August 30, 2018, order is hereby affirmed.

Affirmed.

**ISSUED**: April 19, 2019

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison