**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **J.H.**

**No. 22-611** (Logan County 21-JA-75)

## MEMORANDUM DECISION

Petitioner Mother L.H.[1] appeals the Circuit Court of Logan County's May 17, 2022, order terminating her parental rights to J.H.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In June of 2021, the DHHR filed an abuse and neglect petition alleging that petitioner was unable to care for then one-month-old L.H. The DHHR had received a referral that petitioner had a history of methamphetamine abuse and was currently trading Suboxone for illegal drugs. According to the reporter, petitioner was "hearing voices" and behaving erratically, including being "out walking on the white line in traffic with the baby." The reporter also voiced concerns that the baby was underfed and underweight, in addition to alleging that petitioner "jerked [the child's] neck to the point that [the child] started screaming in pain." The reporter expressed concern that petitioner would kill the child rather than permit Child Protective Services ("CPS") to remove her.

When CPS investigated, petitioner's aunt informed them that petitioner has a history of substance abuse and mental health issues, including schizophrenia. The aunt, with whom petitioner and the child lived, described petitioner as acting like a "zombie," in that she was "not . . . able to respond or comprehend conversations." When a CPS worker spoke with petitioner, petitioner "stared at the worker and would not answer questions." The worker "would often have to snap her fingers in an effort to get . . . [petitioner's] attention." Prior to the petition's filing, petitioner was transported to a facility that addresses mental health and substance abuse treatment, but petitioner refused to cooperate or submit to an evaluation. When CPS explained that they would seek emergency custody of the child, petitioner "became very aggressive and came within inches of [the] CPS[] [worker's] face yelling, cursing, and pointing her fingers."

---

[1]Petitioner appears by counsel Rebecca E. Mick. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Brittany Ryers-Hindbaugh. Dianna Carter Wiedel appears as the child's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

Petitioner indicates that she was absent from the preliminary hearing due to her incarceration in Virginia, but she does not include the preliminary hearing order or the transcript from that hearing. Further, petitioner has not included the adjudicatory order in the appendix record on appeal, although the transcript from an October 2021 hearing shows that the court adjudicated her of neglecting the child by virtue of her untreated mental health issues and incarceration.

By the time of the final dispositional hearing in April of 2022, petitioner remained incarcerated, though she was represented by counsel. During the hearing, the DHHR presented testimony concerning petitioner's lack of participation and failure to correct the conditions of abuse and neglect at issue. The court ultimately found that there was "no evidence to demonstrate" that petitioner "has meaningfully addressed the issues which led to the filing of the petition . . . or that she has any intention of even attempting to do so." The court further found that petitioner failed to take advantage of the services the DHHR offered and the opportunities the court presented. Accordingly, the court found that there was no reasonable likelihood that petitioner could substantially correct the conditions of neglect in the near future and that the child required permanency. As such, the court terminated petitioner's parental rights.[3] It is from the dispositional order that petitioner appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, petitioner argues that termination of her parental rights was in error because the court should have imposed a less restrictive dispositional alternative. According to petitioner, termination was unnecessary because the child was placed with a relative who provided the child with consistent, close interaction and the child was doing well in the home. However, petitioner ignores the fact that the court found that the child required permanency, which necessitated termination of petitioner's parental rights. This is especially true in light of the fact that petitioner made no effort to remedy the conditions of neglect at issue. Indeed, the record shows that even when taken to a facility where she could receive treatment for her mental health issues and substance abuse, petitioner refused treatment. Petitioner makes much of how guardianship would have achieved permanency for the child, but she ignores the fact that "an adoptive home is the preferred permanent out-of-home placement of the child" following termination of parental rights. Syl. Pt. 2, in part, *State v. Michael M.*, 202 W. Va. 350, 504 S.E.2d 177 (1998).

Petitioner also alleges that she was not unfit due to "misconduct, neglect, immorality, abandonment, or other dereliction of duty," but instead because of mental health issues. This argument is without merit, however, as the record shows that petitioner was adjudicated as unfit because of her neglect of the child. Petitioner argues that the neglect at issue was "out of her control," which evidences a failure to accept responsibility for her lack of treatment for these issues. We simply cannot accept petitioner's position, which essentially seeks to absolve her of any neglect that flows from her mental illness. Importantly, this Court has previously held that untreated mental illness that results in abuse or neglect of a child is a sufficient basis upon which

---

[3]The proceedings concerning the unknown father are ongoing. Respondents indicate that the permanency plan for the child is adoption in the current placement.

to terminate a parent's parental rights. *See Matter of Abuse and Neglect of R.O.*, 180 W. Va. 190, 375 S.E.2d 823 (1988) ("We have also expressly recognized that the inability or unwillingness of a parent to obtain medical treatment to correct a mental deficiency that endangers the welfare of his or her children will support a termination of parental rights."). Therefore, petitioner is entitled to no relief.

Additionally, it is important to recognize that

> "[c]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened, and this is particularly applicable to children under the age of three years who are more susceptible to illness, need consistent close interaction with fully committed adults, and are likely to have their emotional and physical development retarded by numerous placements." Syl. Pt. 1, in part, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

*Cecil T.*, 228 W. Va. at 91, 717 S.E.2d at 875, Syl. Pt. 4. The child here was roughly one year old at the time of disposition, supporting the circuit court's finding that termination of petitioner's parental rights was necessary in order to achieve permanency for the child. Further, the evidence demonstrated that there was no reasonable likelihood that petitioner could substantially correct the conditions of neglect. While petitioner argues that in January of 2022 she became cooperative and agreed "to do whatever it would take" to be reunified with the child, the record supports the court's finding that she had no intention of correcting the issues. As set forth above, petitioner's statements to the lengths she would go for the child are undermined by the fact that she refused treatment when it was readily available. As such, the court had a sufficient basis upon which to make the findings necessary to terminate petitioner's parental rights. *See* W. Va. Code § 49-4-604(c)(6) (permitting circuit court to terminate parental rights upon finding that there is no reasonable likelihood that conditions of neglect can be substantially corrected in near future and when necessary for child's welfare); *see also* Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (permitting termination of parental rights "without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect . . . can be substantially corrected").

For the foregoing reasons, we find no error in the decision of the circuit court, and its May 17, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: April 25, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn